UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

DANIELLE MacMILLAN,

                        Plaintiff,

    -against-                                                1:07-CV-0959 (LEK/VEB)

MICHAEL J. ASTRUE,
Commissioner of Social Security,

                        Defendant.

**MEMORANDUM-DECISION and ORDER**

**I.    INTRODUCTION**

Plaintiff Danielle MacMillan ("Plaintiff"), a resident of Mechanicville, New York, commenced this action in the Northern District of New York on September 17, 2007, seeking judicial review of the Commissioner of Social Security's denial of Plaintiff's claim for disability and disability insurance benefits. See Dkt. No. 1 ("Complaint"). In a Report-Recommendation issued November 17, 2009, the Honorable Victor E. Bianchini, United States Magistrate Judge, recommended that the Court deny Defendant's Motion for judgment on the pleadings and remand Plaintiff's Complaint for reconsideration. See Dkt. No. 20 ("Report-Recommendation"). By Decision and Order issued December 7, 2009, the Court approved and adopted Judge Bianchini's Report-Recommendation in its entirety, thereby remanding Plaintiff's action for further proceedings at the agency level. Dkt. No. 22 ("December Order") at 2.

Presently before the Court is Plaintiff's Motion for attorney's fees, filed on July 28, 2011. Dkt. No. 30 ("Motion"). Plaintiff requests that the Court authorize "an award of attorney fees of $13,825.50 to be paid to her attorney" pursuant to 42 U.S.C. § 406. See Mot. at 2. For the reasons

stated below, Plaintiff's Motion is granted, with the requirement that Plaintiff's attorney refund $4,608.69 of this award to Plaintiff.

## II.    BACKGROUND

Plaintiff commenced this action on September 17, 2007, seeking judicial review of the denial of her claim for social security disability insurance benefits by the Social Security Administration.  See Compl.  Plaintiff's attorney, Stephen J. Mastaitis, received a net payment in the amount of $4,867.00 for services rendered at the Administrative level.  Mot. at 10.  Additionally, on January 26, 2010, both parties stipulated and agreed to an award of $4,608.69 to be paid to Plaintiff's attorney pursuant to the Equal Access to Justice Act ("EAJA").  See Dkt. No. 27 ("Consent Order") at 1; 28 U.S.C. § 2412(d).

After the matter was remanded, and upon reconsideration by an Administrative Law Judge ("ALJ"), Plaintiff was awarded retroactive social security disability benefits dating back to March 2004 in the amount of $55,302.00.  Mot. at 10.  On July 28, 2011, Plaintiff's attorney filed the present Motion, along with a petition signed by Plaintiff, seeking approval of the requested fee.  See Mot.; Dkt. No. 30-2 at 1 ("Fee Petition").  Plaintiff and her attorney seek to recover fees equal to 25% of past-due benefits awarded, or $13,825.50, in accordance with their fee agreement signed on December 12, 2006.  See Mot. at 3-4; see also Dkt. No. 30-2 at 2-3 ("Fee Agreement").  Defendant has not opposed Plaintiff's Motion.

## III.    STANDARD OF REVIEW

The EAJA provides, in relevant part, that:

[A] court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . . including proceedings for judicial review of agency action, brought by or against the United States in any court

>having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A).  Furthermore, under Section 406(b)(1)(A) of the Social Security Act ("SSA"), an award for attorney's fees is proper whenever the following three elements are met: "(1) a judgment in favor of the claimant; (2) the fee must be awarded as part of the court's judgment; and (3) the fee must not exceed twenty-five percent of the total amount of past-due benefits rewarded to the claimant."  Kazanjian v. Astrue, No. 09 civ. 3678, 2011 WL 2847439, at *1 (E.D.N.Y. July 15, 2011); see also 42 U.S.C. § 406(b)(1)(A).  Section 406(b) further requires that the district court review the reasonableness of the requested fee.  See Wells v. Sullivan, 907 F.2d 367, 371 (2d Cir. 1990).

In order to determine the reasonableness of an award under Section 406(b), "courts have considered numerous factors, including: (1) whether the retainer was the result of fraud or overreaching; (2) whether the attorney was ineffective or caused unnecessary delay; (3) whether the fee would result in a windfall to the attorney in relation to the services provided; and (4) the risk of loss the attorney assumed by taking the case."  Kazanjian, 2011 WL 2847439, at *1.  However, in the SSA context, "the best indicator of the 'reasonableness' of a contingency fee . . . is the contingency percentage actually negotiated between the attorney and client, not an hourly rate determined under lodestar calculations."  Wells, 907 F.2d at 371.  Thus, in an SSA case in which there is a contingency fee agreement, "the district court's determination of a reasonable fee under § 406(b) must begin with the agreement, and the district court may reduce the amount called for by the contingency agreement only when it finds the amount to be unreasonable."  Id.

**IV.    DISCUSSION**

3

**A. Prevailing Party**

The Supreme Court has acknowledged that in a case such as this, "where a court's remand to the agency for further administrative proceedings does not necessarily dictate the receipt of benefits, the claimant will not normally attain 'prevailing party' status within the meaning of § 2412(d)(1)(A) until after the result of the administrative proceedings is known." Sullivan v. Hudson, 490 U.S. 877, 886-87 (1989); see also Hanrahan v. Hampton, 446 U.S. 754, 758-59 (1980) (holding that defendants were not entitled to an award of attorney's fees because the reversal of a directed verdict on appeal did not render plaintiffs "prevailing parties" in the action). "In order to be considered a prevailing party, a plaintiff must achieve some of the benefit sought in bringing the action." Sullivan, 490 U.S. at 887 (citing Texas State Teachers Ass'n v. Garland Indep. Sch. Dist., 489 U.S. 782, 792 (1989)).

Although "a Social Security claimant [is] not, as a general matter, . . . a prevailing party within the meaning of the EAJA merely because a court ha[s] remanded the action to the agency for further proceedings," Sullivan, 490 U.S. at 887, "it is within the court's discretion to conclude that representation on remand was necessary to the effectuation of its mandate and to the ultimate vindication of the claimant's rights, and that an award of fees for work performed in the administrative proceedings is therefore proper." Id. at 890. In order to make such an award for representation on remand, a court must also find that "the Secretary's position on judicial review was not substantially justified within the meaning of the EAJA." Id.

Here, Plaintiff successfully petitioned the Court to deny Defendant's Motion for a judgment on the pleadings, and the Court subsequently remanded the case to the Administrative Law Judge ("ALJ") for reconsideration. See Dec. Order. Upon remand, the ALJ modified its findings of fact

4

and awarded Plaintiff retroactive social security disability benefits of $55,302.00, dating back to March 2004. See Mot. at 10. The Court therefore concludes that Plaintiff's representation on remand "was necessary to the effectuation of its mandate and to the ultimate vindication of the claimant's rights, and that an award of fees for work performed in the administrative proceedings is . . . proper." Sullivan, 490 U.S. at 890.

The Court then turns to the question of whether Defendant's position was substantially justified and concludes that it was not. The Supreme Court has defined "substantially justified" to mean "justified to a degree that could satisfy a reasonable person." Pierce v. Underwood, 487 U.S. 552, 565 (1988). "The government has the burden of demonstrating substantial justification." Fed. Election Comm'n v. Political Contributions Data, Inc., 995 F.2d 383, 386 (2d Cir. 1993) (citing Envtl. Def. Fund, Inc. v. Watt, 722 F.2d 1081, 1085 (2d Cir.1983)). The Report-Recommendation, adopted in its entirety by the Court's December Order, found that the Commissioner's decision "contain[ed] legal error and [was] not supported by substantial evidence." See Report-Rec. at 1; Dec. Order at 2. Further, Defendant has not opposed Plaintiff's Motion or produced any evidence to show that its position was substantially justified. The Court therefore concludes that the government's position was not substantially justified and that an award of attorney's fees is appropriate in this case.

### B. Reasonableness of Attorney's Fees

Plaintiff's counsel seeks an award of attorney fees of $13,825.50 for 16.5 hours of work rendered on behalf of Plaintiff. See Mot. at 6-7. The requested award to the Court represents 25% of $55,302.00, the total amount of past-due benefits awarded in this case, and is in accordance with the fee agreement signed and executed by Plaintiff on August 2, 2010. See Mot. at 10; Fee

Agreement.

However, by Order of the Court issued December 26, 2010, Plaintiff's attorney was already awarded a fee of $4,608.69 pursuant to the EAJA.  See Consent Order at 1.  Any award granted by the Court must "represent[] the [amount] withheld by the Administration for potential attorney's fees minus the previously awarded [EAJA amount]."  Aas v. Astrue, No. 08-CV-4488, 2012 WL 194962, at *2 (E.D.N.Y. Jan. 23, 2012); see also Warren v. Astrue, No. 06-CV-2933, 2011 WL 5402493, at *1 (E.D.N.Y. Nov. 7, 2011).  This requirement works to increase the "amount of the total past-due benefits the claimant actually receives."  Warren, 2011 WL 5402493, at *1 (citing Gisbrecht v. Barnhart, 535 U.S. 789, 796 (2002)).

Indeed, Plaintiff's attorney notes that "in instances where the prevailing party's attorney makes application for fees pursuant to both the [42 U.S.C. § 406] and [the] EAJA, the 'standard practice' is to credit, or reimburse the smaller of the two fees to the claimant."  Mot. at 11 (citing Silliman v. Barnhart, 421 F. Supp. 2d 625 (W.D.N.Y. 2006)).  Plaintiff's attorney further states that "in the event an additional fee is awarded pursuant to this [Motion], this office . . . intends to reimburse Ms. MacMillan the smaller of the two fees."  Mot. at 11; see also Silliman, 421 F. Supp. 2d at 626 (W.D.N.Y. 2006) (awarding full amount of attorney's fees due under § 406 with the instruction that any fees previously awarded under EAJA be refunded to claimant).

Finally, the Court finds that an award of $13,825.50 in this case is not unreasonable.  The requested fee does not exceed the 25% statutory cap, and there is no indication of fraud or overreaching in obtaining Plaintiff's consent at the time the Representation Agreement was signed.  Furthermore, there is no indication that counsel was ineffective or caused unnecessary delay.  While this award represents a substantial amount for 16.5 hours of work, it does not constitute a windfall

when compared to the services rendered by Plaintiff's attorney and the successful outcome of this case, both in this Court and upon remand.  See, e.g., Aas v. Astrue, No. 08-CV-4488, 2012 WL 194962, at *2 (E.D.N.Y. Jan. 23, 2012) (finding plaintiff's counsel's fee request of $23,013.15 minus the $7,200 EAJA setoff to be reasonable for 42.6 hours of work); Warren v. Astrue, No. 06-CV-2933, 2011 WL 5402493, at *2 (E.D.N.Y. Nov. 7, 2011) (holding that the $19,000.00 fee request minus the $6,000.00 EAJA offset did not constitute a windfall and was reasonable for 38 hours of work); Knapp v. Astrue, No. 3:10-CV-1218, 2011 WL 4916515, at *3 (N.D.N.Y. Oct. 17, 2011) (holding that a fee of $5,429.13 was reasonable for 30.9 hours of work expended on Plaintiff's case); Joslyn v. Barnhart, 389 F. Supp. 2d 454, 457 (W.D.N.Y. 2005) (finding attorney's fees in the amount of $38,116.50 for 42.75 hours of work reasonable).

Based on the foregoing, the Court grants Plaintiff's Motion for attorney's fees in the amount of $13,825.50 and directs that $4,608.69 of this award be reimbursed to Ms. MacMillan.

## V.    CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that Plaintiff's Motion for attorney's fees (Dkt. No. 30) is **GRANTED** consistent with this Memorandum-Decision and Order; and it is further

**ORDERED**, that payment of $13,825.50 in attorney's fees pursuant to 42 U.S.C. § 406(b) is authorized as to Plaintiff's attorney; and it is further

**ORDERED**, that, upon receipt, Plaintiff's attorney refund $4,608.69 of this award to Plaintiff; and it is further

**ORDERED**, that the Clerk serve a copy of this Order on all parties.

**IT IS SO ORDERED**.

7

DATED: April 23, 2012
Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge